**NOT FOR PUBLICATION**

RECEIVED
WILLIAM T. WALSH, CLERK

2006 SEP -6  P 2: 03

UNITED STATES
[DISTRICT COURT]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

JASON ALLEN,                         :
                                     :    Civil Action No. 06-3891 (DMC)
            Petitioner,              :
                                     :
      v.                             :    **OPINION and ORDER**
                                     :
SUPERIOR OF NEW JERSEY,              :
                                     :
            Respondent.              :

**APPEARANCES:**

Petitioner pro se
Jason Allen
Hudson County Correctional Center
35 Hackensack Avenue
Kearny, NJ 07032

**CAVANAUGH**, District Judge

   Petitioner, a pre-trial detainee confined at Hudson County Correctional Center in Kearny, New Jersey, has submitted for filing to the Clerk of this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner contends that he is unconstitutionally detained without bail in violation of the Eighth Amendment to the United States Constitution.  The named respondent is "Superior of New Jersey, Hudson Vicinage," which this Court construes as an attempt to name as respondent the Superior Court of New Jersey, Trail Division, Hudson County.

   Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who

has custody over [the petitioner]."  The Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where the detainee is held that is considered the custodian for purposes of a habeas action.  This is because it is the warden that has day-to-day control over the prisoner and who can produce the actual body.  That the district director has the power to release the detainees does not alter our conclusion.  Otherwise, the Attorney General of the United States could be considered the custodian of every alien and prisoner in custody because ultimately she controls the district directors and the prisons.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) (involving a petition for writ of habeas corpus on behalf of aliens confined subject to an order of deportation).  Thus, the warden of the facility where the petitioner is held is an indispensable party respondent, for want of whose presence the petition must be dismissed.

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 34, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. § 2243.

It appearing that Petitioner has failed to name as a respondent an indispensable party, to wit, the warden of the facility in which he is confined;

IT IS on this __1__ day of __Sept_____, 2006,

ORDERED that Petitioner may file an amended petition naming the warden of the facility in which he is confined as a party respondent within 30 days of the date this Order is entered; and it is further

ORDERED that if Petitioner does not file an amended petition within the above 30-day period, the Court will enter an Order dismissing the Petition without prejudice for failure to name an indispensable party.

Dennis M. Cavanaugh
United States District Judge